ARNOLD & PORTER KAYE SCHOLER LLP
SHARON D. MAYO (SBN 150469)
sharon.mayo@apks.com
RACHAEL S. SHEN (SBN 312658)
rachael.shen@apks.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400

KATHRYN W. HUTCHINSON (SBN 310816)
kathryn.hutchinson@apks.com
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

Attorneys for Plaintiffs
UNIVERSAL MUSIC CORP., MUSIC CITY MUSIC, INC., and TRI-ANGLES MUSIC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

UNIVERSAL MUSIC CORP., MUSIC CITY MUSIC, INC., and TRI-ANGLES MUSIC,

Plaintiffs,

vs.

RICHARD JOHN RYAN,

Defendant.

Case No.:

**COMPLAINT FOR VIOLATIONS OF THE COPYRIGHT ACT**

(17 U.S.C. §§ 101, *et seq.*)

Plaintiffs, by their undersigned attorneys, allege:

**JURISDICTION**

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendant's public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendant's acts of infringement.

**THE PARTIES**

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Richard J. Ryan ("Ryan" or "Defendant") is an individual who resides and/or does business in this District.

6. At all times hereinafter mentioned, Ryan did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Opera House Saloon, located at 411 Lincoln Street, Roseville, California 95678.

7. Musical compositions were and are publicly performed at Opera House Saloon.

8. At all times hereinafter mentioned, Ryan had, and still has, the right and ability to supervise and control the activities that take place at Opera House Saloon, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

9. Ryan derives direct financial benefit from the public performance of musical compositions at Opera House Saloon.

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

**FACTS SPECIFIC TO DEFENDANT'S INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

10. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 600,000 songwriter, composer, and music publisher members.

11. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

12. In undertaking the conduct complained of in this action, Defendant knowingly and intentionally violated Plaintiffs' rights. Defendant's knowledge and intent are established by the following facts:

(a) On December 1, 2012, Defendant entered into a license agreement with ASCAP.

(b) Defendant, however, failed to pay license fees as required by the license agreement.

(c) As a result of Defendant's failure to pay license fees, ASCAP terminated Defendant's ASCAP license for Opera House Saloon, upon written notice, as of September 30, 2016.

13. Since termination of Opera House Saloon's ASCAP license, ASCAP representatives have attempted to contact the Defendant, or his representatives, agents, or employees, to offer to reinstate the license for Opera House Saloon, upon payment of the outstanding fees owed to ASCAP.

14. ASCAP's various communications offering to reinstate Defendant's ASCAP license for Opera House Saloon gave Defendant notice that unauthorized performances of ASCAP's members' musical compositions at Opera House Saloon constitute copyright infringement.

15. Despite repeated reminders of his liability under the United States Copyright Law, Defendant has continued to publicly perform copyrighted musical compositions written and owned by ASCAP's members at Opera House Saloon, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

16. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

17. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

18. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

19. Defendant on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by publicly performing the compositions at Opera House Saloon, for the entertainment and amusement of the patrons attending said premises, and Defendant threatens to continue such infringing performances.

20. The public performances at Opera House Saloon of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendant, nor any of the Defendant's agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

21. In undertaking the conduct complained of in this action, Defendant knowingly and intentionally violated Plaintiffs' rights.

22. The many unauthorized performances at Opera House Saloon include the performances of the three (3) copyrighted musical compositions upon which this action is based.

23. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

24. The said wrongful acts of the Defendant has caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendant from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

1. That Defendant and all persons acting under the direction, control, permission or authority of Defendant be enjoined and restrained permanently from publicly performing the aforementioned compositions—or any of them—and from causing or permitting the said compositions to be publicly performed at Opera House Saloon, or at any place owned, controlled, managed, or operated by Defendant, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

2. That Defendant be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

3. That Defendant be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

4. For such other and further relief as may be just and equitable.

Dated: May 2, 2017

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Sharon D. Mayo*

SHARON D. MAYO
RACHAEL S. SHEN
KATHRYN W. HUTCHINSON

Attorneys for Plaintiffs
UNIVERSAL MUSIC CORP., MUSIC CITY MUSIC, INC., and TRI-ANGLES MUSIC